IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW WOLTERS,
     Plaintiff

v.   :   CIVIL NO.3:CV-15-1580

:   (Judge Conaboy)

UNITED STATES OF AMERICA,
     Defendant



FILED
SCRANTON
APR 1 4 2016
PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

Andrew Wolters, an inmate presently confined at the United States Penitentiary, Lewisburg, Pennsylvania (USP-Lewisburg) filed this Federal Tort Claims Act complaint. Named as sole Defendant is the United States of America. Plaintiff alleges that he was physically and sexually assaulted and subjected to excessive amounts of chemical agents at USP-Lewisburg and was given negligent medical care at USP-Allenwood and USP-Lewisburg.

By Order dated October 29, 2015, Plaintiff's motions to proceed in forma pauperis were previously construed as a motion to proceed without full prepayment of fees and costs and the motions were granted. See Doc. 10. The Order also authorized service of the Plaintiff's Complaint on the Defendants named therein.

Presently pending is a motion filed by the Defendant seeking to remove Plaintiff's in forma pauperis status and asking

1

that he be required to pay the full filing fee.[1] See Doc. 22. According to the motion, Plaintiff's in forma pauperis status should be revoked immediately pursuant to the three strikes provision of 28 U.S.C. § 1915(g) since the Complaint does not include any allegations that Wolters is in imminent danger of serious physical injury. The unopposed motion is ripe for consideration.

## Discussion

28 U.S.C. § 1915(g) provides that a federal civil action by a prisoner proceeding in forma pauperis is barred if he or she:

> has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Strikes under § 1915(g) are generally limited to dismissals based upon determinations of frivolity, maliciousness, and failure to state a claim. This Court recognizes that there may be some limited circumstances where if the granting of a summary judgment was based upon a determination that the complaint had failed to state a claim, said dismissal could constitute a strike for

---

[1] A review of the docket indicates that Wolters has not yet made any payment towards the filing fee.

purposes of § 1915(g). See Boreland v. Vaughn, 2000 U.S. Dist. 2463 *7-8 (E.D. Pa. March 7, 2000).

It is also noted that "[a] dismissal does not qualify as a strike ... unless and until a litigant has exhausted or waived his or her appellate rights." Lopez v. U.S. Dept. of Justice, 228 Fed. Appx. 218 (3d Cir. 2007). In Ball v. Famiglio, 726 F.3d 448, 464 (3d Cir. 2013) the Third Circuit Court of Appeals recognized that a dismissal by a court of appeals for one of the grounds enumerated in § 1915(g) counts a strike in addition to a strike accumulated as a result of the lower court's decision in the same case.

The Defendant asserts among the multiple prisoner lawsuits filed by Plaintiff, two of his actions and related appeals to the Court of Appeals were dismissed for failure to state claim or as frivolous: Wolters v. Hunter, et al., Civil No. 07-CV-2290 (D. Colo. 2009) and Wolters v. Bureau of Prisons, et al., No. 08-CV-837 (W.D. La 2010). Copies of the relevant docket sheets have been submitted by the Defendant. See Doc. 23-1.

In addition, the Defendant notes that two district courts have recognized that Plaintiff has accumulated three strikes for the purposes of § 1915(g). See Wolters v. Holder, et al., No. 7:12-CV-56 (W.D. Va.); Wolters v. Holder, et al., No. 7:12-CV-96 (W.D. Va) and Wolters v. Bolulder County District Attorney, No. 1:15-CV-2283 (D. Colo). Based upon the undisputed evidence

3

submitted by the Defendant, it has been sufficiently established that Wolters has accumulated three strikes.

The imminent danger of serious physical harm exception requires an inquiry into whether the unconstitutional conduct alleged placed the inmate in danger of imminent "serious physical injury" at the time the Complaint was filed. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001); McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.) (the danger of serious physical injury must be about to occur at any moment or impending at the time the complaint was filed, not at the time of the alleged incident).

The Complaint is dated August 10, 2015 and Wolters' action will be deemed filed as of said date.[2] See Houston v. Lack, 487 U.S. 266 (1988)(a prisoner's action is deemed filed at the time it is given to prison officials for mailing to the Court. The Complaint raises claims pertaining to events which purportedly transpired in 2012-13. As noted in Abdul-Akbar, the imminent danger exception attaches at the time the Complaint is filed.

The unconstitutional conduct alleged in Wolter's action does not place this inmate in danger of imminent "serious physical injury" at the time his Complaint was filed on August 10, 2015. See Abdul-Akbar v. McKelvie, 239 F.3d 307, 312 (3d Cir. 2001);

---

[2] The Complaint was docketed in this Court on August 13, 2015.

McCarthy v. Warden, USP-Allenwood, 2007 WL 2071891 *2 (M.D. Pa. July 18, 2007)(Caldwell, J.) (the danger of serious physical injury must be about to occur at any moment or impending at the time the complaint was filed, not at the time of the alleged incident). On the contrary, this matter was not initiated until approximately two years after the challenged conduct occurred.

    Accordingly, the unopposed request for relief under § 1915(g) will be granted since Wolters is barred from proceeding in forma pauperis. Furthermore, Plaintiff's in forma pauperis applications will be denied and the Administrative Order issued in this matter on October 29, 2015 (Doc. 11) will be vacated. In addition, this matter will be administratively closed. If Plaintiff pays the required filing fee within thirty days of the date of this Memorandum and Order this matter will be reopened. An appropriate Order will enter.

/s/ Richard P. Conaboy
RICHARD P. CONABOY
United States District Judge

DATED: APRIL 14, 2016